UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                          Case Nos.:   3:98cr68/LC/CJK
                                                         3:16cv202/LC/CJK

GREGORY VAUGHN ROBINSON,
      Reg. No. 05002-017
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.   (ECF No. 91).   Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   After a review of the record, the undersigned recommends that the motion be summarily dismissed.

BACKGROUND AND ANALYSIS

Defendant pleaded guilty to both counts of a superseding indictment in which he was charged with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, and possession with intent to distribute 50 grams or more of cocaine

base on a date certain.   (See ECF Nos. 59, 65, 66).   The court sentenced him to a term of 296 months imprisonment in June of 2001, and Defendant did not appeal. (ECF No. 72).   Defendant unsuccessfully moved for two sentence reductions pursuant to 18 U.S.C. § 3582 (ECF Nos. 76-79), and he now moves for relief pursuant to 28 U.S.C. § 2255.   In the instant motion, Defendant claims that he is entitled to relief pursuant to the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which invalidated the so-called residual clause of the Armed Career Criminal Act, and *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), which held that *Johnson* applies retroactively to cases on collateral review.   Although *Johnson* addressed only the residual clause of the ACCA, Defendant argues that the case also applies to sentences imposed under the parallel residual clause contained in § 4B1.1 of the U.S. Sentencing Guidelines. Additionally, he argues that trial and appellate counsel (although there was no appeal) were constitutionally ineffective for failing to raise this issue, and that the district court applied an incorrect guideline range based on the seriousness of the offense and the extent of his criminal history.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. Relevant to this case, the one-year period of time runs from the date on which the right asserted was initially recognized by the Supreme

Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.   To the extent Defendant's motion is based on the *Johnson* decision, it is timely filed.   Substantively, however, Defendant's attempt to benefit from *Johnson* is unavailing, as *Johnson* is inapplicable to the specific facts of this case.

Defendant bases his request for relief on the fact that the definition of a "crime of violence" contained in U.S.S.G. § 4B1.2(a)(2) tracks the language of the residual clause of the ACCA.   He concludes that if the residual clause contained in the ACCA has been found unconstitutional, the same must be true of the residual clause in the Sentencing Guidelines.   The Eleventh Circuit has rejected this position, holding that the Supreme Court's decision in *Johnson* does not apply to challenges to sentence enhancements based on the United States Sentencing Guidelines, and that individual sentencing guidelines cannot be unconstitutionally vague.   *United States v. Matchett*, 802 F.3d 1185, 1194–96 (11th Cir. 2015); *see also Beckles v. United States*, 616 F. App'x. 415, 416 (11th Cir. 2015) ("*Johnson* says and decided nothing about career-offender enhancements under the Sentencing Guidelines."); *but see In re Robinson*, Case 16-11304-D; 2016 WL 1583616, at *2, n.2 (11th Cir. Apr. 19, 2016) (noting that all ten of the other courts of appeal have either held or assumed that *Matchett* was incorrect and have applied *Johnson* to guidelines

adjustments).    Because this court is bound by Eleventh Circuit precedent, a
challenge to the application of the § 4B1.1 career offender enhancement based on
the use of the "residual clause" of the guidelines § 4B1.2 must fail.

Even assuming for sake of argument that *Matchett* were vacated or
overturned, Defendant still would not be entitled to relief because the residual clause
of the career offender guideline had no bearing on the application of the
enhancement in his case.   Application of the Chapter Four enhancement requires
"at least two prior felony convictions of either a crime of violence or a controlled
substance offense."   USSB § 4B1.1(a).   The PSR reflects that Defendant was
considered to be a career offender due to the following prior convictions:
Aggravated Battery with a Firearm; two counts of Armed Robbery; Robbery with a
Firearm and Aggravated Assault; and Possession of Cocaine with Intent to
Distribute.   (ECF No. 92, PSR ¶ 46).   Despite all of these convictions, the Chapter
Four Enhancement Offense Level was not used to calculate Defendant's Offense
Level because the offense level that would have applied under § 4B1.1 was not
greater than the otherwise applicable offense level as calculated pursuant to § 2D1.1.
(*Id.*)   Thus, regardless of whether the listed prior offenses qualified as "crimes of
violence" or "controlled substance offenses," application of the conclusion in

*Johnson* to the guidelines would have had no impact on Defendant's guidelines calculation and sentence.

The court also notes that the Sentencing Commission has adopted an amendment to the definition of "crime of violence" contained in U.S.S.G. § 4B1.2(a)(2), at least partially in response to the disagreement among the Circuits with respect to the application of *Johnson* to the parallel provision in the Sentencing Guidelines.  The proposed amendment would eliminate the residual clause and revise the list of specific enumerated offenses qualifying as crimes of violence.[1] The effective date of this proposed amendment would be August 1, 2016.  Even if the amendment is ultimately adopted and made retroactive, it nonetheless would not impact Defendant's sentence for the same reason set forth above.

Defendant also claims in his third ground for relief that the Supreme Court's decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016) entitles him to resentencing.   The Court held in *Molina-Martinez* that a defendant sentenced under an incorrect guideline range may rely on that fact, without presenting additional evidence, to show a reasonable probability that the district court would have imposed

---

[1]      *See*      http://www.ussc.gov/news/press-releases-and-news-advisories/january-8-2016; http://www.ussc.gov/guidelines/amendments/reader-friendly-version-amendment-crime-violence.

a different sentence under the correct range. 136 S. Ct. at 1349.   Defendant's suggestion in this case that he is entitled to relief presupposes an error in the district court's guidelines calculation, which Defendant has not shown. As such, no relief is warranted.

In conclusion, neither *Johnson* and its progeny, nor the *Molina-Martinez* decision affords Defendant relief in this case, and his motion should be summarily denied.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.      The motion to vacate, set aside, or correct sentence (ECF No. 91) be summarily **DENIED and DISMISSED**.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 18th day of May 2016.


                    */s/* *Charles J. Kahn, Jr.*
                    **CHARLES J. KAHN, JR.**
                    **UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> **A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.